UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CT-3080-BO

EDDIE LEVORD TAYLOR,           )
      Plaintiff,             )
                       )
                       )
          v.                )      O R D E R
                       )
DENNIS DANIELS, et al.,        )
      Defendants.            )

Plaintiff, a North Carolina State inmate, filed this civil rights action pursuant to 42 U.S.C.

§ 1983. The complaint is now before the court for a frivolity determination. 28 U.S.C. §

1915(e)(2). Section 1915 provides that courts shall review complaints in which prisoners seek

relief from a governmental entity or officer, and dismiss such complaints when they are

"frivolous." A claim is frivolous where it "lacks an arguable basis either in law or in fact."

Neitzke v. Williams, 490 U.S. 319, 325 (1989). The matter shall be allowed to proceed against

defendants.

Additionally, plaintiff seeks appointment of counsel [D.E. 4 and 6]. There is no

constitutional right to counsel in civil cases absent "exceptional circumstances." Cook v.

Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir.

1984), abrogated on other grounds by Mallard v. United States Dist. Court for the S. Dist. of

Iowa, 490 U.S. 296, 300 n.3 (1989). The existence of exceptional circumstances depends upon

"the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant,

739 F.2d at 163 (quotation omitted). Plaintiff has asserted straightforward claims, and the case

does not appear to present exceptional circumstances. Therefore, the motions are denied at this

time.

Next, plaintiff has filed motions seeking to change venue [D.E. 10] to a "judicial court of the United States." The court notes that it was plaintiff who filed the action within this court, that pursuant to 28 U.S.C. § 1391 venue is proper, and the motion is DENIED.

Accordingly, the Clerk is DIRECTED to maintain management of the case against defendants. The motions for appointment of counsel are DENIED [D.E. 4 and 6]. The motion seeking change of venue is DENIED [D.E. 10]. Lastly, the motions for discovery [D.E. 6, 7, and 8] are not yet ripe given there has been so service of defendants, and the motion is DENIED.

SO ORDERED, this the 23 day of October 2013.

TERRENCE W. BOYLE
United States District Judge